Case.

Case 130.

September 23.

Case stated.

# Inman, Galt, &c. vs Funk.

### Error to the Jefferson Circuit.

### Case. Negligence.

Chief Justice Marshall delivered the opinion of the Court.

This action on the case by Inman, Galt, &c., against Funk, is founded on the allegation that the plaintiffs being possessed of a flat boat loaded with coke, tied to the wharf at Louisville, and the defendant being possessed of another flat boat, &c., the defendant did, by himself and servants, manage, and control his boat so carelessly, that it ran against the plaintiff's boat, whereby she was sunk and the coke lost, &c. The collision occurred in removing the defendant's boat from a position above to one below that of the plaintiff's boat, in doing which the defendant's boat necessarily passed outside of the plaintiff's. Whether the collision was violent or not, and whether it occasioned the sinking of the plaintiff's boat, are matters as to which there is some discrepancy in the evidence upon which it was the province of the jury to decide. But there was evidence conducing to prove that the plaintiff's boat was not so strong as boats ordinarily are in which coke or coal is transported on the Ohio river, and the principal question in the case is as to the effect to which this fact should be entitled in determining the liability of the defendant or the degree of diligence to which he was bound in removing his boat.

As the plaintiff's boat was lying fastened to the wharf, and the defendant, in removing his boat from above, was placing her in a situation which required care and effort to keep her from striking the boat of the plaintiffs, from the mere force of the current, the duty of using this care and effort devolved upon the defendant, and the plaintiffs were only bound, in case the danger of collision became apparent, to use such reasonable means as might then have been in their power, to avoid it or to mitigate its consequences. But it was the duty of the defendant to use

It is the duty of those conducting boats on navigable streams to use all reasonable care and effort to avoid damage to, or collision with other boats, whether they be weak or strong; the weakness of the boat injured by collision, where there

all reasonable care and effort, not merely to prevent damage, but to prevent collision. He had no right to run against the plaintiff's boat, whether it was strong or weak, and he is liable in either case, for the consequences of a collision, which he might and ought to have avoided. Though it may be true that if the plaintiff's boat had been the strongest of the two, it might not have been seriously injured by the collision, it is entirely certain that if there had been no collision, there would have been no injury from that cause, however weak the boat might have been. The weakness of the plaintiff's boat, as it rendered it the more liable to injury from collision, called for greater precaution on the part of those who knew the fact. If the defendant did not know it, he was still bound to use the means proper to prevent collision, and if it occurred without the use of such means on his part and without fault on the part of the plaintiffs, the greater damage consequent upon the weakness of the boat, must fall upon the defendant. A boat which is strong enough to freight a full cargo of coke from Pittsburg to Louisville, must be strong enough to be entitled to the protection of the law while lying quietly at the wharf at the latter place. That protection consists in the requirement that other boats shall not run upon it; and that those who voluntarily place other boats in a condition to be driven against it by the current, shall use the proper means and efforts to prevent a collision.

The question is not whether as many men were employed in removing the defendant's boat as are usually employed for such a purpose, nor whether they removed it in the ordinary way, but whether, considering the state of the river and the situation of the two boats, proper means were used by the defendant and his agents to avoid or prevent a collision. And by proper means, we intend, such precautions and exertions directed to the prevention of collision as under the circumstances, would have been deemed sufficient by men of ordinary vigilance and prudence, and such as would, in all reasonable probability, have succeeded, but for some unforeseen circumstance or accident, which men of ordinary prudence and care could not have been expected to guard against. If the defend-

INMAN, &c.
vs
FUNK.

is a want of due care, will afford no protection to the defendant, but require an increased care.

ant knew of the weakness of the plaintiff's boat, he was bound to use extraordinary vigilance and care to avoid collision.

The instructions given by the Court, and especially under the qualification that the insufficiency of the plaintiff's boat to stand the necessary and ordinary collisions, might relieve the defendant from responsibility to some extent, do not, according to the foregoing view, contain a fair exposition of the law, and were calculated to mislead the jury as to the duty and liability of the defendant.

Wherefore, the judgment is reversed and the cause remanded for a new trial.

*Pirtle & Speed* for plaintiffs; *Boone* for defendant.

---

CHANCERY.

*Case 131.*

*September 23.*

Case stated.