May Term,
1858.

THE JEFFERSONVILLE RAILROAD COMPANY *v.* MARTIN.

THE JEFFER-
SONVILLE
RAILR'D CO.
v.
MARTIN.

A suit brought in the Common Pleas against a railroad company for killing cattle, is not governed by the statute of 1853, but by the common-law rules.

Hence, the complaint must charge negligence, unskilfulness, or willful misconduct, on the part of the company or their agents, and that such negligence, &c., was the proximate cause of the injury.

*Friday,*
*June 18.*

APPEAL from the *Bartholomew* Court of Common Pleas.

DAVISON, J.—The appellees, who were the plaintiffs, sued the railroad company in the Common Pleas, to recover the value of a horse killed by a locomotive of the company, while running on their road.

The complaint alleges that the horse belonged to the plaintiffs, was of the value of 200 dollars, and that the railroad was not fenced; but it fails to charge the company, or their agents, with negligence, or unskillfulness, or willful misconduct in running the train.

The defendants demurred to the complaint; but their demurrer was overruled. Thereupon they answered, 1. By a general denial. 2. That the plaintiffs, at the time the horse was killed, did not occupy or own the land adjoining the road, or through which it ran, but the horse was suffered by them to run at large, &c. To the second paragraph there was a demurrer sustained. The issue made by the general denial, was submitted to the Court, who found for the plaintiffs 140 dollars. New trial refused, and judgment, &c.

The first inquiry relates to the sufficiency of the complaint. It is alleged to be defective because the plaintiffs have failed to aver negligence, &c., on the part of the company.

We have a statute which contains the following provisions: 1. That when any animal, &c., shall be killed or injured by the locomotives, &c., of any railroad in this state, the owner may sue before a justice of the peace. 2. On the hearing of said cause, the justice or jury trying the same shall give judgment for the plaintiff for the value

of the animal destroyed or injury inflicted, without regard to the question whether such injury or destruction was the result of willful misconduct or negligence, or the result of unavoidable accident.   3. This act shall not apply to any railroad securely fenced in, and such fence securely maintained by the company.   Acts of 1853, p. 113.

May Term,<br>1858.<br><br>The Jeffer-<br>sonville<br>Railr'd Co.<br>v.<br>Martin.

In *Whiteneck* v. *The Madison, &c., Railroad Co.*, it was held that the statute to which we have referred is inoperative, so far as it gives, in point of amount, unlimited jurisdiction to justices of the peace.   8 Ind. R. 217.   But the present suit is for the recovery of an amount to which the jurisdiction of a justice does not extend, and was, therefore, properly instituted in the Common Pleas.   And the inquiry at once arises, does the above statute at all apply to suits originally commenced in that Court?   It says the owner *may sue before a justice of the peace*, and on the hearing of said cause *the justice* or jury trying the same shall give judgment.   Indeed, all its provisions directly relate to the commencement and 'trial of an action before a justice, and cannot, therefore, be applied to the case at bar.

The result is that the present suit, having been commenced in the Common Pleas, must, in its trial be governed by common-law- rule.   And tested by that rule, the complaint is obviously defective, because it does not allege negligence, unskillfulness, or willful misconduct, on the part of the company's agents in running the train, and that such negligence, &c., was the proximate cause of the plaintiff's damage.   10 Mees. & Welsb. 546.—5 Hill. 282.—7 B. Mon. 538.—16 Conn. R. 420.—6 Ind. R. 141.—5 Ind. R. 111.   It follows that the demurrer should have been sustained.

The second defense involves the question whether the plaintiffs, not being the owners of the land adjoining the road at the point where the horse was killed, are entitled to recover on the ground that the road is not fenced. The solution of this inquiry depends upon a construction of the act of 1853.   We have just held that that act does not apply to the case before us.   The record, therefore, does not require a decision of the question.

May Term,
1858.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*W. Herod* and *S. Stansifer*, for the appellants.

*R. Hill*, for the appellee.